UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Cyndi Lodge and Jack Jensen,<br><br>        Plaintiffs,<br>v.<br><br>NCO Financial Systems, Inc.,<br><br>        Defendant. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMAND** |

## INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

## PARTIES

3. Plaintiff Cyndi Lodge (hereinafter "Lodge") is a natural person who resides in the City of Inver Grove Heights, County of Dakota, State of Minnesota.

4. Plaintiff Jack Jensen (hereinafter "Jensen") is a natural person who resides in the City of Inver Grove Heights, County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant NCO Financial Systems, Inc. (hereinafter "Defendant") is a debt collection agency located at 507 Prudential Road in Horsham, Pennsylvania 19044. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

6. Plaintiffs are husband and wife.

7. Sometime prior to April 2010, Plaintiff Jensen allegedly incurred a debt, which is a "consumer debt" as that term is defined by 15 U.S.C. § 1692a(5) with Wells Fargo.

8. Prior to April 2010 the debt was transferred, sold, or otherwise directed to Defendant for collection.

9. On or about April 19, 2010, Plaintiffs received a telephone call at their home from Defendant's agent Valarie at extension 1671.

10. Plaintiff Lodge spoke with Defendant's agent Valarie and explained that the Wells Fargo debt was disputed as it had been settled, but that they no longer had the proof to show that it had been settled.

11. Plaintiff Lodge told Defendant's agent that she would be willing to settle the account again for $150.00

12. Defendant's agent Valarie stated that she could not settle for less than $190.

13. Plaintiff Lodge rejected the settlement offer of $190 and reiterated her offer of $150.

14. Defendant's agent Valarie stated that she would be willing to take the $150 offer to her client but that in order for the offer to be submitted and considered legitimate Defendant must have checking account information.

15. Plaintiff Lodge refused to provide her banking information and stated that she was not authorizing any payments to be made from her checking account.

16. Defendant's agent Valarie promised her that no payment would be processed on her bank account and that the only reason she needed the checking account information was to prove to her client that the $150 offer was serious.

17. After confirming again that no payment would be processed using her bank account information, Plaintiff Lodge acquiesced and provided the requested information to Defendant's agent.

18. On or about April 20, 2010 Defendant sent to Plaintiff Jensen a written collection communication demanding payment of $388.81.

19. Then, on or about April 26, 2010, Plaintiff Lodge reviewed her banking records online and discovered that Defendant had attempted to put through a charge of $150 in violation of 15 U.S.C. §§ 1692d and 1692e.

20. Extremely upset, Plaintiff Lodge called Defendant and spoke with Defendant's supervisor, Rob Cummings, who was belligerent, rude and abusive and refused to assist Plaintiff Lodge, in violation of 15 U.S.C. § 1692d.

21. Frustrated, Plaintiff Lodge called back Defendant and this time spoke with Defendant's agent Gary Meadows who agreed that Plaintiffs were never notified that the $150 settlement offer had been approved.

22. Plaintiffs demanded to know the name of the manager and while at first Defendant's agent Meadows refused, he eventually gave the name Kendall Mullins at extension 1616 but explained that he was in a meeting and could not be disturbed.

23. Defendant's agents refused to reverse the illegal and unauthorized payment pending at Plaintiff Lodge's bank.

24. When the conversation with Defendant's agent concluded, Plaintiff Lodge immediately contacted her bank and placed a stop payment on the pending transaction.

25. Upon information and belief, by making a stop payment request of Defendant's illegal pending payment request, Plaintiff Lodge suffered out-of-pocket damages.

26. Plaintiff Lodge was also instructed by her bank to file fraud and forgery papers which she did.

27. Defendant's conduct has caused Plaintiffs emotional distress, anxiety, fear and out-of-pocket loss.

## TRIAL BY JURY

28. Plaintiffs are entitled to and hereby demand a trial by jury.  US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq

29. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

31. As a result of Defendant's violations of the FDCPA, Plaintiffs have suffered and are entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

## COUNT II.

## INVASION OF PRIVACY

18. Plaintiff Lodge incorporates by reference all foregoing paragraphs as though fully stated herein.

19. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff Lodge when it illegally and without authorization attempted to take money from Plaintiff Lodge's bank account in an attempt to collect a debt.

20. Plaintiff Lodge had a reasonable expectation of privacy in her solitude, seclusion, and/or private concerns or affairs.

21. The intrusions by Defendant occurred in ways that were highly offensive and would be highly offensive to a reasonable person in Plaintiff Lodge's position.

22. As a result of Defendant's conduct, Plaintiff Lodge suffered emotional distress and out-of-pocket expenses in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for:

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);
- actual and compensatory damages for Invasion of Privacy in an amount to be determined at trial;
- the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and
- for such other and further relief as may be just and proper.

Dated this 10th day of January, 2011.          Respectfully submitted,

By: s/Thomas J. Lyons_____
Thomas J. Lyons, Esq.
Attorney I.D. #: 65699
Trista Roy, Esq.
Attorney I.D. #: 387737
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile:(651) 704-0907
tlyons@lyonslawfirm.com
tristacjc@aol.com

ATTORNEYS FOR PLAINTIFFS

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA       )
                         ) ss
COUNTY OF DAKOTA         )

I, Jack Jensen, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


                                              s/Jack Jensen
                                              Jack Jensen


Subscribed and sworn to before me
This 8th day of December, 2010.


s/Rose Marie Jester
Notary Public

-8-

# VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA )
                                   ) ss
COUNTY OF DAKOTA )

    I, Cyndi Lodge, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                           s/Cynthia Lodge
                                                           Cyndi Lodge

Subscribed and sworn to before me
This 8 day of December, 2010.


s/Kelli C. Backstrom
Notary Public